**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@samuelandstein.com

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| WILLIAM ROMEO AREVALO, on behalf of himself and all other persons similarly situated, | DOCKET NO. _____ |
| Plaintiffs, | **COMPLAINT** |
| – vs. – | **COLLECTIVE ACTION** |
| I & S Floors, Inc., DAVID "DOE", and "ABC CORP.", | |
| Defendants. | |

Plaintiff WILLIAM ROMEO AREVALO, by and through his undersigned attorneys, for his complaint against defendants I & S FLOORS, INC., DAVID "DOE" 1-5 (fictitious names of as yet unknown individuals), and "ABC Corp." 1-5 (fictitious names of as yet unknown entities) allege as follows, on behalf of himself and on behalf of of all other persons similarly situated:

## NATURE OF THE ACTION

1. Plaintiff WILLIAM ROMEO AREVALO alleges on behalf

of himself and on behalf of other similarly situated current and former employees of defendants I & S FLOORS, INC., DAVID "DOE" 1-5 (fictitious names of as yet unknown individuals), and "ABC CORP." 1-5 (fictitious names of as yet unknown entities) who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that he is entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime compensation pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.   WILLIAM ROMEO AREVALO further complains that he is entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which defendants willfully failed to pay overtime compensation pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for the defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) liquidated damages pursuant to New York Labor Law for these violations; and (v) statutory damages for the defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3.    Plaintiff WILLIAM ROMEO AREVALO is an adult individual residing in Queens, New York.

4.    Plaintiff WILLIAM ROMEO AREVALO consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

5.    Defendant I & S FLOORS, INC. is a domestic business corporation organized under the laws of the State of New York with a registered business address and principal place of business at 1 Station Square, Suite 210, Forest Hills, New York 11375.

6.    Defendant I & S FlOORS, INC. owns and operates a flooring business in the New York City area.

7.    At all relevant times, defendant I & S FLOORS, INC. had an office located at 184-43 Midland Parkway, Jamaica, New York 11432.

8.    At all relevant times, defendant I & S FLOORS, INC. was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9.    At all relevant times, defendant I & S FLOORS, INC. has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

10.  Upon information and belief, at all relevant times,

defendant I & S FLOORS, INC. has had gross revenues in excess of $500,000.00.

11.  Upon information and belief, at all relevant times herein, defendant I & S FLOORS, INC. has used goods and materials produced in interstate commerce and has each employed at least two individuals who handled such goods and materials.

12.  Defendant "ABC CORP." is a domestic business corporation organized under the laws of the State of New York that owns and operates a flooring business in Queens, New York.

13.  At all relevant times, defendant "ABC CORP." was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

14.  At all relevant times, defendant "ABC CORP." has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

15.  Upon information and belief, at all relevant times, defendant "ABC CORP." has had gross revenues in excess of $500,000.00.

16.  Upon information and belief, at all relevant times herein, defendant "ABC CORP." has used goods and materials

produced in interstate commerce and has each employed at least two individuals who handled such goods and materials.

17.  Upon information and belief, defendant DAVID "DOE", is an adult individual residing at 184-43 Midland Parkway, Jamaica, New York 11432.

18.  Upon information and believe, defendant DAVID "DOE" is an owner or part owner and principal of I & S FLOORS, INC., who has the power to hire and fire employees, set wages and schedules, and maintain their records.

19.  Defendant DAVID "DOE" was involved in the day-to-day operations of I & S FLOORS, INC. and played an active role in managing the business.

20.  Upon information and belief, defendant DAVID "DOE" is an owner or part owner and principal of "ABC CORP.", who has the power to hire and fire employees, set wages and schedules, and maintain their records.

21.  Defendant DAVID "DOE" was involved in the day-to-day operations of "ABC CORP." and played an active role in managing the business.

22.  Each of the defendants constituted "employers" of WILLIAM ROMEO AREVALO as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

23.  This Court has subject matter jurisdiction over

this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

24. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the defendants' businesses are located in this district.

## COLLECTIVE ACTION ALLEGATIONS

25. Pursuant to 29 U.S.C. § 206 and § 207, WILLIAM ROMEO AREVALO seeks to prosecute their FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by
> defendants in the United States at any time since
> May 26, 2019, to the entry of judgment in this case
> (the "Collective Action Period"), who were I&S
> employees, and who were not paid statutory minimum
> wages and/or overtime compensation at rates at
> least one-and-one-half times the regular rate of
> pay for hours worked in excess of forty hours per
> workweek (the "Collective Action Members").

26. The Collective Action Members are similarly situated to plaintiff WILLIAM ROMEO AREVALO in that they were employed by the defendants as non-exempt employees and were denied payment at the statutory minimum wage and/or were denied compensation overtime pay for hours worked beyond forty hours in a week.

27.  They are further similarly situated in that the defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

28.  Plaintiff WILLIAM ROMEO AREVALO and the Collective Action Members perform or performed the same or similar primary duties and were subjected to the same policies and practices by defendants.

29.  The exact number of such individuals is presently unknown but is known by the defendants and can be ascertained through appropriate discovery.

## FACTS

30.  At all relevant times herein, the defendants owned and operated I & S FLOORS, INC. and/or "ABC CORP." with an office located at 184-43 Midland Parkway, Jamaica, New York 11432.

31.  Plaintiff WILLIAM ROMEO AREVALO was employed at I & S FLOORS, INC. and/or "ABC CORP." (hereinafter referred to collectively as "I&S"), from June of 2013 until January 15, 2020.

32.  Plaintiff WILLIAM ROMEO AREVALO was hired by defendant DAVID "DOE".

33.  Plaintiff WILLIAM ROMEO AREVLAO was managed by Jose

Carche while employed by the defendants.

34. Plaintiff WILLIAM ROMEO AREVALO worked as an installer and polisher.

35. Plaintiff WILLIAM ROMEO AREVALO's work for the defendants was/is performed in the normal course of the defendants' business, was integrated into the business of the defendants, and did/does not involve executive or administrative responsibilities.

36. At all relevant times herein, plaintiff WILLIAM ROMEO AREVALO was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

37. During his employment by the defendants, plaintiff WILLIAM ROMEO AREVALO worked a regular schedule of six days per week at I & S.

38. Plaintiff WILLIAM ROMEO AREVALO's daily schedule during his employment by the defendants was as follows: from 8:00a.m. to 5:00p.m., six (6) days per week, with Sundays off.

39. During the summer season (May until December), plaintiff WILLIAM ROMEO AREVALO worked an additional three hours per week.

40. As a result, plaintiff WILLIAM ROMEO AREVALO was working approximately 57 hours per week during the summer

season while employed with the defendants, and 54 hours per week during the winter months.

41.   During his employment by the defendants, plaintiff WILLIAM ROMEO AREVALO was paid a fixed weekly salary for his work at I&S, in cash as follows:  He was paid $600 per week until 2016; $700 from 2016 until August 2019 and $750 from August 2019 until January 15, 2020.

42.   Plaintiff WILLIAM ROMEO AREVALO received the aforementioned amounts for all hours worked, regardless of the exact number of hours they worked in a given week.

43.   As a result, plaintiff WILLIAM ROMEO AREVALO's effective rate of pay was at times below the statutory New York minimum wage in effect at relevant times.

44.   Defendants' failure to pay plaintiff WILLIAM ROMEO AREVALO an amount at least equal to the New York minimum wage in effect during relevant time periods was willful and lacked a good faith basis.

45.   Plaintiff WILLIAM ROMEO AREVALO was always paid in cash throughout his employment and did not always receive paystubs or wage statements of any sort with his pay.

46.   Further, plaintiff WILLIAM ROMEO AREVALO did not receive true and accurate paystubs or wage statements with his pay

47.   In addition, the defendants failed to pay plaintiff

WILLIAM ROMEO AREVALO any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

48.   Defendants' failure to pay plaintiff WILLIAM ROMEO AREVALO the overtime bonus for overtime hours worked was willful and lacked a good faith basis.

49.   The defendants also failed to pay plaintiff WILLIAM ROMEO AREVALO an additional hour's pay at the applicable minimum wage for each shift worked lasting in excess of 10 hours from start to finish (the "spread of hours compensation"), in violation of the New York Labor Law and supporting New York State Department of Labor regulations.

50.   Defendants' failure to pay the spread-of-hours compensation was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 163 and supporting regulations.

51.   Defendants failed to provide plaintiff WILLIAM ROMEO AREVALO with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, their regular and overtime rates, and intended allowances claimed – and failed to obtain their signatures acknowledging the same, upon their

hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

52. Defendants failed to provide plaintiff WILLIAM ROMEO AREVALO with weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

53. Upon information and belief, throughout the period of plaintiff WILLIAM ROMEO AREVALO's employment at I&S, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like WILLIAM ROMEO AREVALO (the Collective Action Members) in positions at the defendants' business that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

54. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

55. Upon information and belief, Defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the FLSA and the New York Labor Law.

56. Upon information and belief, these other individuals have worked in excess of forty hours per week,

yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

57. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

58. Upon information and belief, while the defendants employed plaintiff WILLIAM ROMEO AREVALO and the Collective Action members, and through all relevant time periods, the defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

59. Upon information and belief, while the defendants employed plaintiff WILLIAM ROMEO AREVALO and the Collective Action members, and through all relevant time periods, the defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (New York Labor Law – Minimum Wage)

60. WILLIAM ROMEO AREVALO repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

61. At all relevant times, WILLIAM ROMEO AREVALO was

employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

62. Defendants willfully violated WILLIAM ROMEO AREVALO's rights by failing to pay him compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

63. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

64. Due to the defendants' New York Labor Law violations, WILLIAM ROMEO AREVALO is entitled to recover from the defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT II

### (Fair Labor Standards Act - Overtime)

65. WILLIAM ROMEO AREVALO, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

66. At all relevant times, the defendants employed WILLIAM ROMEO AREVALO and each of the Collective Action

Members within the meaning of the FLSA.

67. At all relevant times, the defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

68. As a result of defendants' willful failure to compensate their employees, including WILLIAM ROMEO AREVALO and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, the defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

69. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

70. Due to the defendants' FLSA violations, WILLIAM ROMEO AREVALO, and the Collective Action Members are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III

### (New York Labor Law - Overtime)

71. WILLIAM ROMEO AREVALO, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

72. At all relevant times, WILLIAM ROMEO AREVALO was employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

73. Defendants willfully violated WILLIAM ROMEO AREVALO's rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

74. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

75. Due to the defendants' New York Labor Law violations, WILLIAM ROMEO AREVALO is entitled to recover from the defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV

### (NEW YORK LABOR LAW – SPREAD OF HOURS)

76. WILLIAM ROMEO AREVALO, repeats, realleges, and

incorporates by reference the foregoing allegations as if set forth fully and again herein.

77.   At all relevant times, WILLIAM ROMEO AREVALO was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

78. Defendants willfully violated WILLIAM ROMEO AREVALO's rights by failing to pay him an additional hour's pay at the minimum wage for each day they worked a shift lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 142-2.4.

79. Defendants' failure to pay the "spread of hours" compensation was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 163 and supporting regulations.

80. Due to Defendants' New York Labor Law violations, WILLIAM ROMEO AREVALO is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

### (New York Labor Law – Wage Theft Prevention Act)

81. WILLIAM ROMEO AREVALO, repeats, realleges, and

incorporates by reference the foregoing allegations as if set forth fully and again herein.

82.  At all relevant times, WILLIAM ROMEO AREVALO was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

83.  Defendants willfully violated WILLIAM ROMEO AREVALO's rights by failing to provide him with the wage notice required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

84.  Defendants willfully violated WILLIAM ROMEO AREVALO's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

85.  Due to the defendants' New York Labor Law violations relating to the failure to provide paystubs, WILLIAM ROMEO AREVALO is entitled to recover from the defendants statutory damages of $250 per day, up to the maximum statutory damages.

86.  Due to the defendants' New York Labor Law violations relating to the failure to provide wage notices, WILLIAM ROMEO AREVALO is entitled to recover from the defendants statutory damages of $50 per day up to the maximum statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff WILLIAM ROMEO AREVALO respectfully requests that this Court grant the following relief:

a.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing plaintiff WILLIAM ROMEO AREVALO and his counsel to represent the Collective Action members;

b.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.  An injunction against the defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.  A compensatory award of unpaid compensation, at

the statutory overtime rate, due under the FLSA
and the New York Labor Law;

e.  Compensatory damages for failure to pay the
minimum wage pursuant to New York Labor Law;

f.  Compensatory damages for failure to pay the
"spread of hours" compensation pursuant to New
York Labor Law;

g.  An award of liquidated damages as a result of
defendants' willful failure to pay the statutory
minimum wage, overtime, and "spread of hours"
compensation pursuant to 29 U.S.C. § 216;

h.  Liquidated damages for the defendants' New York
Labor Law violations;

i.  Statutory damages for the defendants' violation
of the New York Wage Theft Prevention Act;

j.  Back pay;

k.  Punitive damages;

l.  An award of prejudgment and postjudgment interest;

m.  An award of costs and expenses of this action
together with reasonable attorneys' and expert
fees; and

n.  Such other, further, and different relief as this

Court deems just and proper.

Dated: May 26, 2022
New York, New York

/s/ Michael Samuel
Michael Samuel (MS 7997)
THE SAMUEL LAW FIRM
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
Attorneys for Plaintiff,
WILLIAM ROMEO AREVALO
*Individually and on behalf of an*
*FLSA collective action*