## **SETTLEMENT AGREEMENT AND RELEASE**

This is a Settlement Agreement and Release ("Agreement") between I & S Floors, Inc. (hereinafter "I&S"), together with its parents, subsidiaries, affiliates, successors, assigns, divisions, past and present officers, owners, shareholders, directors, principals, employees, former employees, representatives, service providers, counsel, and/or agents (whether in their personal or official capacity), and its successors and assigns, on the one hand (collectively hereinafter the "Defendants"), and William Romeo Arevalo and his family members, heirs, executors, representatives, trustees, agents, insurers, administrators, legal representatives, successors and assigns (hereinafter "Plaintiff" or "Arevalo"), on the other hand. The Defendants and Arevalo may each be referred to as a "Party," or together, be referred to herein as the "Parties." This Agreement is effective as of the date on which it is executed by all Parties (the "Effective Date").

**WHEREAS,** Arevalo has commenced an action against Defendants in the United States District Court for the Eastern District of New York (hereinafter the "Court") styled as Arevalo v. I & S Floors, Inc., *et al.*, bearing Case No.: 1:22-cv-3149 (EK) (JRC) (the "Lawsuit"), alleging wage and hour violations under the Fair Labor Standards Act (hereinafter "FLSA") and the New York Labor Law (hereinafter "NYLL");

**WHEREAS,** Defendants deny that: (i) Arevalo was entitled to protection under the FLSA and NYLL; (ii) they failed to pay Arevalo any monies owed to him; and (iii) dispute the number of hours Arevalo claims he worked; and

**WHEREAS,** the Parties desire to fully and finally resolve all differences between them on the terms and conditions hereinafter set forth;

**NOW THEREFORE,** in consideration of the mutual promises of the Parties, the receipt and sufficiency of which the Parties hereby acknowledge, having been represented by counsel and the Parties intending to be bound, do hereby agree as follows:

1. **Non-Admission.** This Agreement is entered into mutually in order to avoid the costs, uncertainty, and vexation of litigation. The terms set out in this Agreement are a compromise settlement of disputed claims, the validity, existence or occurrence of which is expressly disputed by the Parties. This Agreement shall not be admissible evidence in any judicial, administrative, or other legal proceedings for any reason except to enforce the terms of this Agreement.

2. **Consideration.**

In consideration for Arevalo's execution, compliance with, and non-revocation of this Agreement, the Defendants agree to pay Arevalo the amount of Eighteen Thousand Dollars and 00/100 ($18,000.00) ("Settlement Payment"), which is inclusive of attorneys' fees and costs, and will be split as follows: (i) $12,000.00 to Arevalo; and (ii) $6,000.00 to "The Samuel Law Firm." The Settlement Payment shall be made within thirty (30) days of receipt of an Order from the Court formally approving as fair and reasonable the contemplated settlement herein (which the parties agree to use their best efforts to obtain), a check made payable to "The Samuel Law Firm as attorneys" in the amount of Eighteen Thousand Dollars and Zero Cents ($18,000.00) shall be delivered to Arevalo's counsel at The Samuel Law Firm, Attn: Michael Samuel, Esq., 1441 Broadway, Suite 6085, New York, NY 11221-4203.

  a. The Samuel Law Firm must submit an executed IRS Form W-9 with a Taxpayer Identification Number (the "W9 Form") to Defendants' Counsel along with the executed settlement paperwork in order to receive the Settlement Payment.

  b. Arevalo agrees and affirms that the Settlement Payment shall constitute the entire amount of monetary consideration, inclusive of attorneys' fees and costs, provided to him under this Agreement and that Arevalo will not seek any further compensation for any other claimed unpaid wages, wage supplements, injuries, damages, costs, or disbursements, in connection with any of the matters encompassed in this Agreement or any aspect of Arevalo' relationship with the Defendants as limited by the releases in this Agreement.

  c. I & S Floors, Inc. shall issue The Samuel Law Firm a Form 1099 and Arevalo a Form W2. Arevalo and each further agree that they shall each be responsible for payment of all personal taxes that may be due as a result of the Settlement Payment. Arevalo and his counsel understand and agree that no representation is made by or on behalf of the Defendants regarding tax obligations or consequences that may arise from this Agreement. Further, Arevalo agree to indemnify and hold harmless the Defendants from and against all liens, liabilities, interest, and penalties that may be assessed against or incurred by them as a result of not deducting taxes or other withholdings or satisfying any liens or judgments against Arevalo on the Settlement Payment.

  3. **<u>Claims Released by Arevalo.</u>**

  a. In exchange for the Settlement Payment and for other good and valuable consideration, receipt of which is hereby acknowledged, each Plaintiff, on behalf of himself and his respective family members, heirs, executors, representatives, trustees, agents, insurers, administrators, legal representatives, successors and assigns (collectively, the "Releasors"), irrevocably and unconditionally fully and forever waives, releases and discharges the Company, the Company's parents, subsidiaries, affiliates, divisions, and/or related companies, and each of their respective directors, officers, shareholders, partners, employees, managers, members, agents, attorneys, and successors of the Company ("Releasees") from any and all claims, demands, actions, causes of actions, obligations, judgments, rights, fees, damages, debts, obligations, liabilities and expenses (inclusive of attorneys' fees) of any kind whatsoever, whether known or unknown, from the beginning of time to the date of Plaintiffs' execution of this Agreement, including, without limitation, any claims under any federal, state, local or foreign law, including but not limited to those arising out of, or in any way related to Plaintiffs' hire, benefits, employment, termination or separation from employment with the Company and any actual or alleged act, omission, transaction, practice, conduct, occurrence or other matter, whether or not Plaintiff has previously filed such a claim ("Released Claims").

  b. Arevalo further agrees and acknowledges that Released Claims include, but are not limited to:

  (i) any and all claims under Title VII of the Civil Rights Act, as amended, the Americans with Disabilities Act, as amended, the Family and Medical Leave Act, as amended, the Fair Labor Standards Act (to the extent permitted by law), the Equal Pay Act, as amended, the Employee Retirement Income Security Act, as amended (with respect to unvested benefits), the Civil Rights Act of 1991, as amended, Section 1981 of U.S.C. Title 42, the Sarbanes-Oxley Act of 2002, as amended, the Worker Adjustment and Retraining Notification Act, as amended, the National Labor Relations Act, as amended, the Age Discrimination in Employment Act, as amended, the Uniform Services Employment and Reemployment Rights Act, as amended, the Genetic Information Nondiscrimination Act of 2008, the Vietnam Era Veterans'

Readjustment Assistance Act of 1974, the Occupational Safety and Health Act, the Immigration Reform and Control Act of 1986, the Older Workers' Benefit Protection Act and the Age Discrimination in Employment Act, as amended, the New York State Human Rights Law, the New York Labor Law (including but not limited to the Retaliatory Action by Employers Law, the New York State Worker Adjustment and Retraining Notification Act, all provisions prohibiting discrimination and retaliation, and all provisions regulating wage and hour law), the New York Civil Rights Law, Section 125 of the New York Workers' Compensation Law, the New York City Human Rights Law, any and all claims pursuant to any other state law and all of their respective implementing regulations and/or any other federal, state, local or foreign law (statutory, regulatory or otherwise) that may be legally waived and released;

(ii) any and all claims for compensation of any type whatsoever, including but not limited to claims for salary, wages, bonuses, commissions, incentive compensation, vacation and/or severance;

(iii) any and all claims arising under tort, contract and/or quasi-contract law, including but not limited to claims of breach of an expressed or implied contract, tortious interference with contract or prospective business advantage, breach of the covenant of good faith and fair dealing, promissory estoppel, detrimental reliance, invasion of privacy, nonphysical injury, personal injury or sickness or any other harm, wrongful or retaliatory discharge, fraud, defamation, slander, libel, false imprisonment, negligent or intentional infliction of emotional distress; and

(iv) any and all claims for monetary or equitable relief, including but not limited to attorneys' fees, back pay, front pay, reinstatement, experts' fees, medical fees or expenses, costs and disbursements from the beginning of time to the date of Plaintiffs' execution of this Agreement.

c. Arevalo shall not hereafter knowingly, directly or indirectly, commence, continue, assist or participate in any lawsuit, charge, claim or proceeding, in any forum (including but not limited to any court or agency), against the Company for Released Claims, unless directed by court order or subpoena. Each Plaintiff expressly agrees that if he breaches this Section 3(c): (i) he will be responsible for any attorney's fees incurred by the Company as a result of said breach; and (ii) he shall immediately pay back to the Company all monies paid to him under this Agreement.

d. <u>Specific Release of ADEA and OWBPA Claims</u>. To the extent Arevalo is over the age of forty (40) years of age, and in further consideration of the benefits provided to each Plaintiff in this Agreement, including but not limited to the Settlement Payment, Releasors hereby irrevocably and unconditionally fully and forever waive, release and discharge Releasees from any and all claims, whether known or unknown, from the beginning of time to the date of Arevalo's execution of this Agreement arising under the Older Workers' Benefit Protection Act (OWBPA) and the Age Discrimination in Employment Act (ADEA), as amended, and its implementing regulations. By signing this Agreement, Pagan hereby acknowledges and confirms that he: (i) has read this Agreement in its entirety and understands all of its terms; (ii) has been advised of and availed himself of his right to consult with an attorney prior to executing this Agreement; (iii) knowingly, freely and voluntarily assents to all of the terms and conditions set out in this Agreement including, without limitation, the waiver, release and covenants contained herein; (iv) is executing this Agreement, including the waiver and release, in exchange for good and valuable consideration in addition to anything of value to which he is otherwise entitled; (v) was given at least twenty-one (21) days to consider the terms of this Agreement and consult with an attorney of his choice, although he may sign it sooner if desired; (vi) understands that he has seven (7) days from the date he signs this Agreement to revoke the release in this paragraph by delivering notice of revocation to Emanuel Kataev, Esq. at 3000 Marcus Avenue, Lake Success, NY 11042-1073 by overnight delivery before the end of such seven-day period; (vii) understands that the release contained in this paragraph does not apply to rights and claims that may arise after the date on

which he signs this Agreement; and (viii) in entering into this Agreement, agrees and acknowledges that he is not relying on any representation, promise or inducement made by the Company or its attorneys with the exception of those promises described in this Agreement.

    e.  This release and waiver of claims shall not be construed to impair Arevalo's right to enforce the terms of this Agreement and does not include any claim which, as a matter of law, cannot be released by private agreement.  Nor does this release prohibit or bar Arevalo from providing truthful testimony in any legal proceeding or from cooperating with, or making truthful disclosures to, any local, state, or federal governmental agency, or filing a timely charge or complaint with the EEOC, or participating in any investigation or proceeding conducted by the EEOC regarding any claim of employment discrimination. Notwithstanding the foregoing, with respect to any Released Claims that cannot be released by private agreement, each Plaintiff agrees to release and waive and hereby does release and waive his right (if any) to any monetary damages or other recovery as to such claims, including any claims brought on Plaintiffs' behalf, either individually or as part of a collective action, by any governmental agency or other third party.

  4.  **Claims Released by Defendants.** In exchange for Arevalo's execution, compliance with, and non-revocation of this Agreement, and for other good and valuable consideration, receipt of which is hereby acknowledged, Defendants irrevocably and unconditionally fully and forever waive, release and discharge each of the Plaintiffs from any and all claims, demands, actions, causes of actions, obligations, judgments, rights, fees, damages, debts, obligations, liabilities and expenses (inclusive of attorneys' fees) of any kind whatsoever, whether known or unknown, from the beginning of time to the date of their execution of this Agreement, including, without limitation, any claims under any federal, state, local, or foreign law, that they may have, have ever had or may have in the future against Plaintiff, including but not limited to those arising out of, or in any way related to Plaintiffs' employment with the Company and any actual or alleged act, omission, transaction, practice, conduct, occurrence or other matter, whether or not Defendants have previously filed such a claim.

  5.  **Arevalo's Representations and Warranties**.  Arevalo hereby represents, warrants, acknowledges, and affirms as follows:

    a.  that he has not filed or permitted anyone to file on his behalf, any complaints, charges or claims for relief against the Defendants with any local, state or federal court or administrative agency other than the instant Lawsuit;

    b.  that he has been paid and has received all compensation, wages, overtime payments, wage supplements, bonuses, commissions, leave, paid and unpaid, paid time off and benefits to which he may be due for any reason, except as provided in this Agreement;

    c.  that he has no known workplace injuries or occupational diseases; and

    d.  Arevalo agrees to indemnify and hold harmless the Defendants from and against any enforcement actions for child support.

  6.  **Response to Inquiries on Employment.**  If a prospective employer of any Plaintiff contacts the Company seeking an employment reference, the Company will only provide the Plaintiffs' dates of employment and their position held with the Company.

7. **Jurisdiction & Default.** The substantive laws of the State of New York shall govern the validity, construction, enforcement and interpretation of this Agreement and venue for any dispute between the Parties shall be the Court. Any dispute under this Agreement shall be adjudicated by a court of competent jurisdiction in the County of New York, State of New York or in the United States District Court, Eastern District of New York, and the Parties consent to such jurisdiction, agree that venue only in the County of New York, State of New York or United States District Court, Eastern District of New York would be proper, and hereby waive any challenge thereto based on lack of personal jurisdiction or inconvenient forum. A default under this Agreement shall be considered to have occurred if Defendants fail to make the Settlement Payment on time ("Default"). If Defendants fail to pay by the deadline(s) stated in ¶ 2, *supra*, then Defendants shall have ten (10) calendar days from their receipt of a notice of Default from Plaintiffs' counsel via email to emanuel@mllaborlaw.com to cure the Default. If Defendants fail to cure the Default within such ten (10) day time period, then the total balance of the settlement due as of the date of Default automatically shall be increased by twenty-five percent (25%) and shall be immediately due and payable to Plaintiffs.

8. **Severability.** The provisions of this Agreement are severable. If any provision of this Agreement is held invalid, the invalidity shall not affect other provisions or application of the Agreement that can be given effect without the invalid provision or application.

9. **Non-Waiver.** No waiver of any breach of any term or provision of this Agreement shall be construed to be, or shall be, a waiver of any other breach of this Agreement. No waiver shall be binding unless in writing and signed by the Party waiving the breach. This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, successors, and permitted assigns.

10. **Headings**. The headings in this Agreement are for the convenience of the Parties and are not intended to modify the terms of the Agreement.

11. **Multiple Counterparts.** This Agreement may be executed in two or more counterparts, each of which will be deemed an original, but all of which together shall constitute one and the same instrument. Faxed and e-mailed scanned copies shall be effective and enforceable.

12. **Non-Disparagement.** Arevalo agrees that he shall not, directly or indirectly, at any time, make any statement (whether written, oral, electronic, or otherwise) or otherwise take any action that would or might reasonably be interpreted as harmful or disparaging to the Defendants. For purposes of the preceding sentence, "disparaging" shall mean any statement or communication, whether verbal or written, that would tend to lessen the stature or standing of each other in the eyes of an ordinary and reasonable person in the community. In addition, the Defendants agree that its principal will not disparage Plaintiff in any matter, forum or form, whether written, oral, electronic or otherwise.

13. **Representation by Counsel and Entire Agreement**. This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior discussions, agreements or understandings between the Parties. The Parties agree that this Agreement was drafted jointly by the Parties, and therefore shall be construed according to its fair meaning, and not strictly for or against any of the Parties. Should any provision of the Agreement be declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and the illegal or invalid part, term or provision shall be deemed not to be a part of the Agreement. This Agreement shall survive the cessation or termination of any arrangements contained herein.

14. **Voluntary Agreement.** By signing in the space provided below, the Parties agree and affirm that:

    a.    He was advised to and has carefully read and fully understands all of the provisions of this Agreement;

    b.    He has had at least twenty-one (21) days to review consider and execute this Agreement and has consulted with his attorney of choice before executing this Agreement;

    c.    This Agreement is legally binding, and by signing it, Arevalo understands that he is giving up certain rights, including his right to pursue any claims against the Releasees from the beginning of time until the date of this Agreement;

    d.    No promise or representation of any kind or character has been made by the Company or by anyone acting on its behalf to induce Arevalo to enter into this Agreement, and Arevalo has not been forced or pressured in any way to sign this Agreement; and

    e.    Through this Agreement, Arevalo is releasing all of the Releasees from any and all claims that he may have against the Releasees in exchange for the Settlement Payment described herein;

    f.    Arevalo knowingly and voluntarily agrees to all of the terms set forth in this Agreement, and intends to be legally bound by them.

---

I & S Floors, Inc.

By: _____        DATE: 2 / 19 / 23

---

THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK

William Romeo Arevalo

By: ___Dreclo willeam___  DATE: 02 / 01 / 2023
　　　William Romeo Arevalo

STATE OF NEW YORK　　　　　　　　　)
　　　　　　　　　　　　　　　　　　) ss.:
COUNTY OF ___Queens___　　　　　　)

On February __1st__, 2023 before me personally appeared William Romeo Arevalo personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and that by his signature on the instrument, the individual executed the instrument and that such individual made such appearance before the undersigned.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　NOTARY PUBLIC

AUGUSTO CELIS
NOTARY PUBLIC, State of New York
No. 01CE4835999
Qualified in Queens County
Commission Expires Dec. 15, 20__26__

7